# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re<br><br>NORTHEASTCO DOOR & MILLWORK CO., INC.<br><br>      **Debtor**<br><br>―――――――――――<br><br>HOWARD GROSSER,<br><br>      **Plaintiff**<br><br>v.<br><br>STEPHEN C. LANG and NORTHEASTCO DOOR & MILLWORK, INC.,<br><br>      **Defendants**<br><br>and<br><br>STONEHAM SAVINGS BANK,<br><br>      **Trustee** | Chapter 7<br>Case No. 05-11609-RS<br><br><br><br><br><br><br><br><br><br>Adversary Proceeding<br>No. 05-1379 |

## MEMORANDUM OF DECISION ON
## PLAINTIFF'S MOTION FOR ABSTENTION AND REMAND

The present adversary proceeding was commenced as a civil action in the Massachusetts Superior Court and removed to this Court by the Chapter 7 Trustee. The Plaintiff promptly filed the present motion to remand and abstain. After a hearing on the motion and for the reasons set forth below, the Court finds good cause to abstain and accordingly will remand the whole of this adversary proceeding to the court from whence it came.

**Factual Background and Procedural History**

This action arises from a sale by the Plaintiff, Howard Grosser, of his one-hundred percent interest in three businesses, including the Debtor corporation, to Defendant Stephen Lang. Under the agreement, certain accounts receivable were carved out from the asset transfer; upon collection of these receivables, the defendants were obligated to remit them to Grosser. The gravamen of the complaint is that the defendants have failed to turnover payments on these receivables. On the basis of this allegation, Grosser has stated counts against Lang and the Debtor for conversion, breach of contract, and violation of G.L. c. 93A. The Plaintiff has demanded a trial by jury on all matters so triable.

During the course of this proceeding and at the Plaintiff's request, the Superior Court segregated $50,000.00 of the Debtor's assets in a fund being held by the clerk of that court. The funds in question are proceeds from a liquidation of the Debtor's assets by a secured creditor, Stoneham Savings Bank ("the Bank"). The nature and extent of the Bank's interest in the funds are unclear; the Bank is a party to the complaint, but only as a "trustee," not as a defendant. Likewise, it is unclear to this Court whether the Superior Court's segregation order did, or was intended to, create rights in the segregated funds in favor of the Plaintiff. I understand the Trustee to contend that the order created no rights and was intended merely to maintain the status quo; the Plaintiff is likely to argue otherwise.

On March 8, 2005, after the above events had transpired, the Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code. Grosser promptly moved for relief from the automatic stay to proceed with the state court action. This Court denied the motion, effectively requiring that the matter be litigated in the Bankruptcy Court. The Trustee then removed the action to this Court, whereupon Grosser promptly filed the present motion, asking that this Court

2

abstain from adjudicating the removed action and remand it to the Superior Court. Objections to the motion have been filed by the Trustee, as the holder of the Debtor's rights in the matter, and by defendant Stephen Lang.

**Discussion**

For the following reasons, the Court will abstain from adjudicating the removed action and remand it to the Superior Court. First and foremost—and this is a factor of which the Court was unaware when it denied Grosser's motion for relief from stay—this Court lacks authority to conduct the jury trial which the Plaintiff has demanded in this action. The Plaintiff has demanded a jury trial as to all matters so triable, and he appears to be entitled to a jury trial, at least on his counts against Lang.[1] The Bankruptcy Court can conduct a jury trial only with the express consent of the parties, 28 U.S.C. § 157(e), but Grosser has not so consented. Therefore, this Court cannot adjudicate the whole of the action; at best, it could bifurcate the action and exercise jurisdiction over discrete portions thereof.

Second, Grosser's claims against Lang should be tried with his claims against the Debtor and the segregated fund. Bifurcation would be inefficient and awkward and might lead to inconsistent judgments.

Third, the estate's interests in this matter can be resolved as well by the Superior Court as by the Bankruptcy Court. The rights at issue are largely (if not entirely) matters of state law that were fixed before the commencement of this case. The matters demand no special expertise in bankruptcy or familiarity with this bankruptcy case. Moreover, the impoundment order is itself

---

[1] In bankruptcy court, his claims against the Debtor would be decided by normal bankruptcy claims process, which involves no jury.

3

an important subject of the present litigation, and the Superior Court, as the court that promulgated the order, is better positioned to understand and adjudicate its significance.

And fourth, in view of the interrelation of the jury and non-jury claims, and of the necessity of remand at least as to the former, the claims to which the estate is a party can probably be resolved more expeditiously in a single proceeding in the Superior Court than they could in the retained portion of a bifurcated action in the Bankruptcy Court.

### Conclusion

Accordingly, the Court will enter a separate order in which it abstains under 28 U.S.C. § 157(c)(1) from adjudicating the present action, remands the action as a whole to the Superior Court, and grants to Howard Grosser relief from the automatic stay to prosecute the action to judgment (but not to enforce any judgment he may obtain without further relief from stay).

Date: December 21, 2005

Robert Somma
United States Bankruptcy Judge

cc: Roger Stanford, Esq., for Plaintiff
    Charles R. Bennett, Esq., for Plaintiff
    Donald F. Farrell, Jr., for John Aquino, Chapter 7 Trustee
    Roger S. Davis, for Stephen Lang
    Peter F. Carr II, Esq., for Stoneham Savings Bank